NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BENJAMIN ALLEN TOLLE,

No. 24-5862

Petitioner - Appellant,

D.C. No.
2:18-cv-01996-YY

v.

MEMORANDUM*

TROY BOWSER,

Respondent - Appellee.

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Argued and Submitted February 5, 2026
Portland, Oregon

Before: BEA, CHRISTEN, and DESAI, Circuit Judges.

Benjamin Tolle ("Tolle") appeals the district court's denial of his petition for

a writ of habeas corpus under 28 U.S.C. § 2254. Tolle was prosecuted for burglary,

arson, and murder in Oregon state court. After his first trial, he was found guilty of

burglary, but the jury could not reach a verdict on the other two charges. After a

second trial, he was found guilty of arson and felony murder. In the instant habeas

---

* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

petition, Tolle argues that his trial counsel was ineffective for failing to argue that the second trial was barred by double jeopardy. The district court held that Tolle's claim is procedurally defaulted because the Oregon post-conviction relief ("PCR") trial court denied it on the merits, the Oregon Court of Appeals affirmed, and Tolle's counsel failed to appeal to the Oregon Supreme Court.

We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review the denial of a habeas petition de novo. *Stanley v. Schriro*, 598 F.3d 612, 617 (9th Cir. 2010). We affirm.

A federal habeas petitioner must show that he provided "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Failure to do so results in procedural default, and a petitioner must demonstrate cause and prejudice to overcome the default. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Tolle asserts that he can satisfy the cause requirement here under *Martinez v. Ryan*, because ineffective assistance of PCR trial counsel caused the procedural default at the initial stage of state collateral review. *See* 566 U.S. 1, 9 (2012). But a petitioner cannot establish cause under *Martinez v. Ryan* if his "claims . . . were not procedurally defaulted, but were, rather, adjudicated on the merits in state court." *See Detrich v. Ryan*, 740 F.3d 1237, 1246 (9th Cir. 2013) (en banc), *overruled in part on other grounds by Shinn v. Ramirez*, 596 U.S. 366 (2022).

The basis for the PCR trial court's order dismissing Tolle's state PCR petition is ambiguous. We thus construe it as a decision on the merits of Tolle's claim. *See Harris v. Reed*, 489 U.S. 255, 263 (1989). While the order references Oregon's rule requiring a petitioner to attach evidence to his petition that demonstrates a prima facie claim for relief, Or. Rev. Stat. § 138.580, it does not clearly embrace this ground as the basis for its decision. And the state urged the court to dismiss the claim under the summary judgment standard because Tolle did not provide adequate facts or evidence to support his double jeopardy theory, an argument that the PCR trial court appeared to accept. We thus conclude that the "state court decision fairly appears to rest primarily on federal law, or to be interwoven with . . . federal law."[1] *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985).

The Oregon Court of Appeals dismissed Tolle's claim without opinion, and we thus assume its dismissal rested on the same grounds as the last reasoned state court decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

---

[1] We decline to apply judicial estoppel to bind the state to its purported assertions that the claim was procedurally defaulted at the initial stage of PCR review. This argument rests on the conclusion that the state's arguments before the PCR trial court and the PCR trial court's ruling were purely procedural. Because we conclude the state's arguments and the PCR trial court's ruling were merits-based, we reject Tolle's judicial estoppel argument.

Tolle did not appeal to the Oregon Supreme Court, and his failure to do so procedurally defaulted the claim. *See Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). Because Tolle does not show cause to excuse his procedural default, the district court properly denied his habeas petition. *Martinez*, 566 U.S. at 9; *Detrich*, 740 F.3d at 1246.

**AFFIRMED.**